**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| WILLIE ALLEN, individually and on behalf of all others similarly situated, | : : : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1:06-CV-3075-RWS |
| v. | : | |
| | : | |
| SUNTRUST BANKS, INC., | : | |
| | : | |
| Defendant. | : | |

## ORDER

This case comes before the Court on Plaintiffs' Motion for Temporary Restraining Order [131]. After reviewing the entire record and with the benefit of oral argument, the Court enters the following Order.

### Background

Plaintiff Willie Allen brought this action on behalf of himself and others similarly situated seeking unpaid wages, liquidated damages, costs, and attorneys' fees pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq. The Court has conditionally certified an opt-in class of current and former Client Technology Specialists who worked for SunTrust Bank between March 2004 and March 2007 without receiving time and one-half premium pay

for hours worked in excess of forty hours per work week.  (See Order of Mar. 5, 2007 [44] at 6.)

On April 28, 2008, Class Plaintiffs moved for injunctive relief, asserting that Defendant is presently discriminating and retaliating or imminently will discriminate or retaliate against Class Plaintiffs in violation of 29 U.S.C. § 215(a)(3) by refusing to grant Class Plaintiffs benefits under an ERISA-administered severance plan unless Class Plaintiffs agree to voluntarily dismiss the instant lawsuit and waive their rights to refile another FLSA action.  The facts pertinent to Plaintiffs' Motion are briefly recounted below.

A week prior to the filing of Plaintiffs' Motion, approximately 178 SunTrust employees were offered a severance package pursuant to SunTrust's Severance Policy after they were informed of their termination effective June 30, 2008.  Depending on age, each employee has either 21or 45 days within which to accept Defendant's offer of severance.  Of these 178 employees, approximately 21 are Class Plaintiffs in the instant action.

Paragraph 4 of the Severance Agreement, which is entitled "Release" and is applicable to all 178 employees, purports to require SunTrust employees to dismiss any pending action against SunTrust in exchange for severance benefits.  It does not exclude participation in an action under the FLSA, such as

2

the instant action.  Thus, to be eligible for severance, employees must agree as

follows:

> I agree to forever release SunTrust . . . from any and all
> claims, charges, actions, arbitrations, demands, damages or
> expenses—past or present—I may have that arise or arose out of
> my employment with SunTrust . . . . *If I have already filed any
> Claim referred to in this paragraph, I agree to withdraw it prior to
> the date I receive my Severance Pay and never to refile it.*  I
> understand that I am waiving and releasing all these claims on a
> knowing and voluntary basis . . . . I covenant not to hereafter sue or
> to authorize anyone else to file a lawsuit on my behalf against
> SunTrust and not to become a member of any class suing SunTrust
> asserting any claim release herein.  I also covenant and agree not to
> accept, recover, or receive any back pay, damages, or any other
> form of relief which may arise out of or in connection with any
> administrative remedies pursued independently by any other
> person or any federal, state, or local governmental agency or class
> represented relating to any claim released herein.

(Ex. 4 to Pl.'s Motion for Temporary Restraining Order ¶ 4 (emphasis added).)

Plaintiffs contend that, by conditioning severance payments on the

dismissal of their FLSA claims in this action, Defendant is presently or is

imminently discriminating or retaliating against Plaintiff for filing an FLSA

action, which violates 29 U.S.C. § 215(a)(3).

Having reviewed the record and having had the benefit of oral argument,

the Court finds that Plaintiffs are entitled to relief for the reasons stated below.

**Discussion**

It is settled law in this Circuit that a preliminary injunction is an

"extraordinary and drastic remedy."  <u>Zardui-Quintana v. Richard</u>, 768 F.2d

1213, 1216 (11th Cir. 1985).  To obtain such relief, a movant must demonstrate:

> (1) a substantial likelihood of success on the merits of
> the underlying case, (2) . . . irreparable harm in the
> absence of an injunction, (3) the harm suffered by the
> movant in the absence of an injunction would exceed
> the harm suffered by the opposing party if the
> injunction issued, and (4) an injunction would not
> disserve the public interest.

<u>Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.</u>, 299 F.3d 1242,

1246-47 (11th Cir. 2002).

**A.     Substantial Likelihood of Success**

As to the first prong, the Court concludes that Plaintiffs have met their

burden of demonstrating a substantial likelihood of success on the merits.

Under 29 U.S.C. § 215(a)(3), it is unlawful for an employer to in "any . . .

manner discriminate against any employee because such employee has filed any

complaint or instituted or caused to be instituted any proceeding" under the

FLSA.  An employer discriminates against an employee in violation of 29

U.S.C. § 215(a)(3), among other ways, when it conditions the award of a benefit

"that is part and parcel of the employment relationship" on the basis of

4

participation in an FLSA action, "even if the employer would be free . . . not to provide the benefit at all."  See, e.g., EEOC v. Bd. of Governors of State Colleges and Univs., 957 F.2d 424, 428-30 (7th Cir. 1992) (analogous ADEA context); see also Hishon v. King & Spalding, 467 U.S. 69, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984) (analogous Title VII context).  Like the anti-discrimination provisions of the Age Discrimination in Employment Act, the anti-discrimination provision of FLSA does not require a showing of intent.  29 U.S.C. § 623(d).  Rather, it "is concerned with the *effect* of discrimination against employees who pursue their federal rights, not the motivation of the employer who discriminates."  Bd. of Governors of State Colleges and Univs., 957 F.3d at 428.  Thus, good faith does not immunize a policy which discriminates on the basis of participation in an FLSA action.  Id. at 428.

Based on the evidence of record and admissions by defense counsel, the Court finds as an initial matter that Class Plaintiffs will likely demonstrate that the Severance Program is "part and parcel of the employment relationship" because it is contained within SunTrust's employment manual and has been offered, according to defense counsel at oral argument, to the 178 employees impacted by the latest company-wide series of layoffs, to a total of 350 employees in 2008 alone, and to approximately 2100 former employees in the

company's history.  Having made the severance package available to all employees both in practice and in writing in connection with the SunTrust employment manual, such a "term, condition, or privilege" of employment cannot, consistent with 29 U.S.C. § 215(a)(3), be doled out in a discriminatory fashion, *i.e.*, based upon whether or not an employee is participating in an FLSA action.  See Hishon, 467 U.S. at 76 (Title VII analogue); see also EEOC v. Cosmair, Inc., L'Oreal Hair Care Div., 821 F.2d 1085 (5th Cir. 1987).

But as the record evidence demonstrates, it appears that the severance package is or will imminently be doled out depending on whether individuals are participating in the instant FLSA action.  Paragraph 4 of the Severance Agreement—on its face and by admission of defense counsel—requires Class Plaintiffs to dismiss the instant action as a precursor for participation in the severance program.  Indeed, defense counsel stated at oral argument that an individual Class Plaintiff's failure to dismiss the instant FLSA action would render that individual ineligible for the severance benefit.  On these facts, it cannot be questioned that Plaintiffs' continuing participation in this FLSA action is a "determining factor" in eligibility for SunTrust's severance program.  Thus, regardless of whether Paragraph 4 specifically and intentionally targets those who have initiated FLSA actions, Plaintiffs have demonstrated a

6

likelihood of success in showing a violation of 29 U.S.C. § 215(a)(3) because

paragraph 4 of the Severance Agreement has the *effect* of discriminating against

Class Plaintiffs on the basis of their participation in this FLSA action.[1]

**B.     Irreparable Harm**

As to the second prong, the Court concludes that Plaintiffs would likely

suffer irreparable harm in the absence of injunctive relief.  As Plaintiffs'

evidence makes clear, Class Plaintiffs in this action may well decline the

severance benefit out of fear that agreeing to the terms of the Severance

Agreement will require them to dismiss the instant action and abandon their

claims under the FLSA.  Alternatively, should Plaintiffs enter the Severance

---

[1] Although Defendant cites <u>EEOC v. SunDance</u>, 466 F.3d 490 (6th Cir. 2006), <u>Sundance</u> is distinguishable from the instant action because, unlike the agreement in <u>Sundance</u>, the Severance Agreement in this action requires Plaintiffs to immediately dismiss their FLSA claims in order be eligible for the severance package.  In <u>SunDance</u>, the Sixth Circuit held that the "mere offer" of a severance agreement which contained only a restriction on filing charges with the EEOC (but did not contain a requirement to dismiss presently filed charges) did not rise to the level of retaliation because "the employees of SunDance have not been deprived of anything" and those who chose to accept it "are better off" in part because they can "accept the agreement and argue later that parts of it may be unenforceable. . . ." <u>Id.</u> at 501.  In this case, however, Class Plaintiffs must immediately dismiss the instant FLSA action in order to be eligible for the severance package; they do not have the option of both accepting severance benefits and pursuing their already-filed FLSA claims.  Moreover, unlike in the <u>SunDance</u> case, Plaintiffs here have demonstrated that the severance agreement is likely "part and parcel" of the employment relationship because of its presence in the employee handbook and because of SunTrust's company-wide practice of offering it to terminated employees.

7

Agreement and continue this action, Defendant will imminently act to deny those individuals the severance benefit based on their participation in this action.  In either case, Class Plaintiffs will suffer irreparable harm in the absence of injunctive relief.

### C.     Balancing of Harms and Public Interest

Finally, the Court concludes that Plaintiffs have demonstrated the third and fourth prongs of the preliminary injunction inquiry.  The harm suffered by Plaintiffs will exceed any harm to Defendant if the injunction issues, and the Court finds that enjoining a violation of 29 U.S.C. § 215(a)(3) does not disserve the public interest.

### D.     Conclusion

For these reasons, Plaintiffs' Motion for a Temporary Restraining Order is **GRANTED**.  Defendant is hereby **ENJOINED** from (1) considering the participation of any Class Plaintiff in the instant action as a factor concerning eligibility in its Severance Program and (2) contractually requiring any Class Plaintiff to dismiss the instant action as a condition of obtaining any severance benefit.  To correct any potential confusion caused by Defendant's prior circulation of the proposed Severance Agreement, Defendant is hereby **ORDERED** to issue a written statement to all Class Plaintiffs stating that their

8

participation in this lawsuit will not affect their eligibility for a severance benefit and that no individual employee is required to dismiss or otherwise withdraw from this action in order to participate in the Severance Program.

After the passage of ten (10) days, this temporary restraining order shall **CONVERT** into a preliminary injunction, unless Defendant objects and requests in writing an additional hearing on the issues raised herein.

### Conclusion

For the foregoing reasons, Plaintiffs' Motion for a Temporary Restraining Order is **GRANTED**.  Defendant is hereby **ENJOINED** from (1) considering the participation of any Class Plaintiff in the instant action as a factor concerning eligibility in its Severance Program and (2) contractually requiring any Class Plaintiff to dismiss the instant action as a condition of obtaining any severance benefit.  To correct any potential confusion caused by Defendant's prior circulation of the proposed Severance Agreement, Defendant is hereby **ORDERED** to issue a written statement to all Class Plaintiffs stating that their participation in this lawsuit will not affect their eligibility for a severance benefit and that no individual employee is required to dismiss or otherwise withdraw from this action in order to participate in the Severance Program.

AO 72A
(Rev.8/82)

After the passage of ten (10) days, this temporary restraining order shall

**CONVERT** into a preliminary injunction, unless Defendant objects and

requests in writing an additional hearing on the issues raised herein.  Should

Defendant do so, the Court will schedule a hearing on a preliminary injunction.

**SO ORDERED**, this  30th  day of April, 2008.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

10