# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WILLIE ALLEN, individually and on behalf of others similarly situated, | |
| Plaintiff, | CIVIL ACTION NO. 1:06-CV-3075-RWS |
| v. | |
| SUNTRUST BANKS, INC., | |
| Defendant. | |

# ORDER

Plaintiff Willie Allen, on behalf of himself, and others similarly situated, has filed this action against SunTrust Bank ("SunTrust"), alleging violations of the Fair Labor Standards Act ("the FLSA" or "the Act"). Now before the Court for consideration are Plaintiff's Motion to Strike [126], Plaintiffs' Motion for Partial Summary Judgment [111], and Defendant's Motion for Partial Summary Judgment [112]. After considering the record and the parties' briefs, the Court enters the following Order.

1

## Background

Prior to October 1, 2006, SunTrust classified the Plaintiff class, employed by SunTrust as Client Technology Specialist (CTS) Specialist 2 and CTS Specialist 3, as exempt from overtime compensation under the FLSA. Following an audit of the SunTrust facility that encompassed 16 CTS Specialists, SunTrust reclassified these specified employees as non-exempt and agreed to pay two years of back overtime to all CTS Specialists who worked at that particular facility. As of October 1, 2006, SunTrust reclassified the CTS Specialist 2 and CTS Specialist 3 positions as non-exempt under the FLSA. Plaintiff Willie Allen brought this action on behalf of himself and others similarly situated seeking unpaid wages, liquidated damages, costs, and attorneys' fees pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq. The Court certified the class comprising all current and former CTS employees who worked for SunTrust Bank during the time period in issue who were paid on a salary basis without receiving time and one-half premium pay by SunTrust for work hours over forty in a work week, and who worked in positions that SunTrust reclassified as "non-exempt." [44.]

## Discussion

**I.  Plaintiff's Motion to Strike**

Plaintiff Willie Allen, on behalf of himself and others similarly situated,

moved to strike statements made in a Declaration by Defendant's witness, Sandra Holloway ("Holloway"), an employee of SunTrust [126]. The statements in issue are contained in a Declaration attached to Defendant's Response Motion in Opposition to Plaintiff's Motion for Summary Judgment. ("Second Declaration of Sandra Holloway" dated March 13, 2004, Appendix in Support of Response in Opp. to Pl. Mot. for Summary Judgment [123-3].) Plaintiff contends that Paragraphs 3[1] and 4[2] contained in the Declaration [123-3] are inadmissible hearsay

---

[1] The paragraph reads in full:
    One of the categories of documents and information that I have been responsible for gathering in relation to this matter is payroll information for the opt-in class. After production of the payroll information, it is my understanding that Plaintiff's counsel inquired about certain alleged "anomalies" that they had identified in the payroll records of the following employees: Martin Hawes (April 15, 2004), Carlos Hernandez (April 15, 2005), Tisa Jones Underwood (April 15, 2005), Curtis Newsome (November 15 & 30, 2005), Harry Newsome (April 30 & May 15, 2005), Alan Brad Pounders (April 30 & May 15, 2006), Lionel Tankard (December 15, 2004), and John Wright (December 31, 2005).
    1.    Second Declaration of Sandra Holloway, March 13, 2004 ¶3. [123-3].

[2] The paragraph reads in full:
    I conferred with employees in SunTrust's payroll department regarding these alleged anomalies in these individuals' payroll records and gathered explanations that are set forth on the document that is attached hereto as Exhibit A. As set forth in Exhibit A, none of these alleged anomalies was the result of any addition to any Plaintiff's salary for a shift differential. As set forth in Exhibit A, none of these alleged anomalies was the result of any deductions from any Plaintiff's regular salaries as the result of a partial-week absence from work. In fact, the only alleged anomaly that was the result of a deduction from any Plaintiff's salary was a deduction made from Mr. Pounders' salary. Specifically, SunTrust deducted from Mr. Pounders' April 30, 2006 paycheck to make up for the fact that Mr. Pounders had been overpaid on his March 31, 2006 paycheck for two of the five days that he was absent from work during the week containing March 31, 2006.
Second Declaration of Sandra Holloway, March 13, 2004 ¶4. [123-3].

evidence under Federal Rule of Evidence 801(c) and thus cannot be considered on summary judgment. (Dkt. No. [126] at 2.) As an alternative, Plaintiff asserts a notice of objection to such statements as inadmissible hearsay. (Id.) The contested statements in the Declaration describe Holloway's role in gathering payroll information for the opt-in class and her investigation of certain "anomalies" in the payroll records of specified employees. (Dkt. No. [123-3] at ¶3.) Holloway declares that she conferred with certain SunTrust employees for the purpose of gathering information on the alleged payroll anomalies, and she sets forth the explanations for the anomalies in Exhibit A attached to the Declaration. (Id. at ¶4; Ex. A.) Plaintiff contends that the statements are "classic examples of hearsay" under Federal Rule of Evidence 801(c) in that they are out-of-court statements made by Holloway and offered by the Defendant for the truth of the matter asserted. (Dkt. No. [126] at 2.)

In response, Defendant SunTrust asserts that the statement made in Paragraph 3 of Holloway's Declaration is not hearsay because it "describes Holloway's personal knowledge and her own actions," does not reference statements made by anyone other than Holloway, and is not being offered to prove the truth of the matter asserted. (Dkt. No. [129-1] at 3.) Further, Defendant contends that evidence in Paragraph 4 of the Declaration can be presented in an

admissible form at trial and therefore should not be stricken. (Id.) In support, Defendant submits the Declaration of SunTrust employee, Sarah Starr ("Starr"), describing her role in gathering payroll information and delivering such information to Holloway. (Id.; "Affidavit of Sarah Starr" Dkt. No. [129-2] at ¶¶2-6.) Starr's Declaration outlines the inquiries from Holloway regarding the "anomalies" in the payroll records of certain employees and the actions taken by Starr to investigate the "anomalies." ("Affidavit of Sarah Starr" Dkt. No. [129-2] at ¶¶3-4.) Starr's explanations for the payroll discrepancies, attached in Exhibit A to the Declaration, are identical to those explanations provided in Holloway's Declaration. (Id.; "Exhibit A to the Declaration of Sarah Starr" Dkt. No. [129-2].) Additionally, SunTrust asserts that the evidence contained in Paragraph 4 of Holloway's declaration can be further presented at trial through the introduction of SunTrust's personnel and payroll records as business records under Federal Rule of Evidence 803(6). (Dkt. No. [129-1] at 5-6.)

Having reviewed the parties' filings, the Court finds it inappropriate to grant the Plaintiff's Motion to Strike either Paragraph 3 or 4 of Holloway's Declaration. Federal Rule of Civil Procedure 56(e) requires that affidavits supporting or opposing summary judgment motions "shall be made on personal knowledge, [and] set out facts that would be admissible in evidence." Fed. R. Civ. P. 56(e).

The general rule is that inadmissible hearsay, an out-of-court statement offered for the truth of the matter asserted and not falling within an exception to the hearsay rule, cannot be considered on a motion for summary judgment. Macuba v. Deboer, 193 F.3d 1316, 1323 (11th Cir. 1999). However, the Eleventh Circuit has held that an exception to the general rule exists, allowing for a district court to consider such statements on a motion for summary judgment if the statement can be "reduced to admissible evidence at trial" or "reduced to admissible form." Id. See also, Wright v. Southland Corp., 187 F.3d 1287, 1304 (11th Cir. 1999); Pritchard v. Southern Co. Servs., 92 F.3d 1130, 1135 (11th Cir. 1996). The party using the contested statements must offer the means by which the statements could be reduced to an admissible form at trial. Sklar v. Clough, No. 1:06-CV-0626-JOF, 2007 WL 204969, at *3.

The Court finds that the statement contained in Paragraph 3 of Holloway's declaration does not fall within the definition of hearsay as outlined in Federal Rule of Evidence 801 as it is not a statement by an out-of-court declarant offered for its truth. Further, the Court finds that the Defendant has shown that the evidence presented in Paragraph 4 of Holloway's Declaration can be readily reduced to an admissible form at trial through testimony by Starr and payroll and personnel records. Therefore, Plaintiff's Motion to Strike [126] is **DENIED.**

## II. Motions for Summary Judgment

### A. Summary Judgment Standard

Both parties seek summary judgment on the issue of overtime compensation calculation and damages. Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

With these standards as a foundation, the Court turns to address the merits of the parties' motions for summary judgment.

**B.     Cross Motions for Partial Summary Judgment on the Issue of Overtime Compensation Calculation**

Plaintiffs Willie Allen and Robert Palmer, on behalf of themselves and others similarly situated, have moved for partial summary judgment on the issue of unpaid overtime compensation, asserting that the basis for calculation of overtime compensation should be the FLSA standard 1.5 rate. (Id. at 7.).(Dkt. No. [112] at 1-2.)  Defendant SunTrust has moved for partial summary judgment asking the Court to rule as a matter of law that 0.5 compensation is the appropriate measure of relief for any overtime calculation to be afforded to any Plaintiff class member. [111-1.]  As both parties have filed cross motions on the same issue, the Court shall address the Motions simultaneously.

Under the FLSA standard method of overtime compensation, the employees' regular rate of pay is multiplied by 1.5 and the number of hours worked over 40 to derive the overtime compensation. 29 U.S.C. §207(a)(1); 29 C.F.R. §778.107.  The regular rate of pay under the standard method is calculated by dividing the employee's weekly salary by the number of non-overtime hours worked during that week. 29 U.S.C. §207(e); 29 C.F.R. §778.108.  An alternative to the standard

method for calculating overtime pay is the fluctuating workweek ("FWW") method, set out by the Department of Labor in 29 C.F.R. §778.114(a). The FWW method of compensation applies to employees who are compensated at a fixed amount per week irrespective of the numbers of hours worked during that week. 29 C.F.R. §778.114(a). Upon meeting the requirements under 29 C.F.R. §778.114(a), the FWW allows payment for overtime hours at a rate of 0.5 times the regular pay.[3]

Plaintiffs argue that SunTrust has failed to meet the required characteristics of the FWW method of calculation under 29 C.F.R. §778.114(a), and therefore the appropriate standard is the FLSA "default" mechanism of calculation at a rate of 1.5 the regular pay. (Id.) On the other hand, Defendant SunTrust in its Motion for Partial Summary Judgment, contends that it has met requirements of the FWW under 29 C.F.R. §778.114 such that half-time pay is appropriate. [111- 2.] Further, SunTrust argues that irrespective of the FWW application, the 0.5 rate is

---

[3] 29 C.F.R §778.114(a). Requirements under 29 C.F.R §778.114(a) are:
(1) a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number;
(2) a fixed amount as straight time pay for whatever hours the employee is called upon to work in a workweek, whether few or many;
(3) that the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest; and,
(4) payment for extra compensation, in addition to such salary, for all overtime hours worked is calculated at a rate not less than one-half the employee's regular rate of pay.

appropriate because Plaintiffs' regular rate of pay already covered all hours worked, including any overtime hours. (Id.)

Plaintiffs' primary contention is that the FWW method of calculation is inapplicable because the Plaintiff class members were not paid a fixed amount each week regardless of the number of hours worked. Rather, Plaintiffs claim that SunTrust intended for the Plaintiffs' salary to serve as compensation for only 40 hours of work each week. (Dkt. No. [112] at 11.) Therefore, the Plaintiffs assert that SunTrust has not met conditions (1) and (2) of the FWW prerequisites.[4] (Id. at 10.)

First, Plaintiffs assert that, "[b]y limiting the salaries' temporal scope, SunTrust guaranteed that no clear mutual understanding could exist with the CTS employees that their salaries covered all hours worked." (Id. at 11.) In support, Plaintiffs cite testimony of SunTrust managers, including Sandra Holloway ("all staff... would be expected to work 40 hours a week" ("Holloway Depo. Excerpts" Dkt. No. [116-3] at 47)) and Kelley Watson ("typical hours [for the CTS

---

[4]Plaintiff also asserts that SunTrust failed to meet the forth condition of the FWW method because it did not pay overtime compensation to the Plaintiff class contemporaneously. Under 29 C.F.R. §778.114(a), payment for overtime hours is set at a rate of 0.5 the regular rate of pay. It is undisputed that Plaintiffs were previously misclassified as exempt and therefore were not compensated at the 0.5 rate set forth under the FWW provisions. However, the Court finds that this requirement does not prevent the FWW formula from being applied remedially.

11

employees] are 8 to 5" ("Watson Depo. Excerpts" Dkt. No. [116-4] at 19-20)) (Id. at 3-4.) In response, SunTrust asserts that the Plaintiffs "grossly mischaracterize the record" in citing the testimony of SunTrust managers Sandra Holloway and Kelley Watson as standing for the proposition that Plaintiffs were paid a salary for 40 hours of work. (Dkt. No. [123-1] at 7.) Plaintiffs also cite Declarations of five Plaintiff class members stating that they understood that their bi-monthly salary from SunTrust was compensation for 40 hours of work per week. ("Exhibit Allen Decl." Dkt. No. [108-2] at ¶12; "Exhibit Alligood Decl." Dkt. No. [108-3] at ¶12; "Exhibit Craig Decl." Dkt. No. [108-4] at ¶12; "Exhibit Hawes Decl." Dkt. No. [108-5] at ¶12; "Exhibit Palmer Decl." Dkt. No. [108-6] at ¶12.) In their response, SunTrust argues that the Plaintiffs' unsworn declarations are not admissible evidence and should not be considered in summary judgment determination. (Id. at 5.) Also, SunTrust urges the Court to disregard the Second Declaration by Plaintiff Willie Allen "because it is directly contrary to his prior sworn testimony wherein he stated that his salary was compensation 'for all hours worked'." (Dkt. No. [123-1] at 5; "Exhibit B, Allen Declaration" Dkt. No. [9-4] at ¶4.]

Second, Plaintiffs contend that SunTrust's bonus and docking policy meant that Plaintiff class members were not paid a fixed salary regardless of the number

12

of hours worked. (Dkt. No. [112] at 16.) Plaintiffs cite the SunTrust Employee Handbook as evidence that employee salaries could be increased for a shift-differential bonus or decreased for missed work time. (Id. at 12; Dkt. No. [122] Holloway Dep. Exs. 12, 13, 14, 15, 17 (SunTrust Corporate Policies at ST-016743).) These policies serve as a demonstration that class members were not paid a fixed salary nor did they have the requisite understanding that their salary was fixed. (Dkt. No. [112] at 12, 16.)

In its Response and its Motion for Partial Summary Judgment, Defendant makes two arguments supporting the assertion that half-time calculation is the appropriate measure of damages. [123-1.] Critical to both arguments is SunTrust's assertion that as exempt employees, Plaintiffs were paid a fixed salary. (Dkt. No. [123-1] at 3, 14.) SunTrust argues that this fixed salary served as compensation for all hours worked, not 40 hours per week or any other fixed number of hours. (Id. at 3.)

First, SunTrust argues that regardless of the application of the FWW, half-time is the proper measure of damages because Plaintiffs were already paid their regular rate for all hours worked, including overtime hours. (Dkt. No. [123-1] at 3.) Defendants rely on the Supreme Court case of Overnight Motor Transportation

Company v. Missel, 316 U.S. 572, 579-80 (1942), stating that where an employee is paid a fixed salary for all hours worked, his "regular rate" of pay is calculated by dividing his weekly salary by the number of hours actually worked in the week. Therefore, such an employee has already received compensation for all hours worked, including overtime hours and "would only be owed the additional half-time for any hours worked in excess of 40 per workweek." (Dkt. No. [111-2] at 12.) In support, SunTrust points to testimony by SunTrust manager Kelley Watson stating that the Plaintiffs were required to work whatever hours were necessary to complete their assignments, including on-call hours, nights or weekends, as necessary. ("Watson Decl." Dkt. No. [123-2-Attachment D] at ¶¶ 9-12.) Furthermore, Defendants point to Plaintiff Willie Allen's First Declaration stating that he did not receive any overtime for hours worked in excess of 40 per week. ("Exhibit B, Allen Declaration" Dkt. No. [9-4] at ¶¶ 5,6.) Defendant cites this testimony as evidence that neither the Plaintiffs' work schedule nor their salary was confined to a 40 hour work week. SunTrust concludes that because the Plaintiffs have already been compensated at their regular rate for all hours worked, including overtime hours, damages should be calculated at the half-time rate. (Dkt. No. [111-4] at 18.) Parallel to its arguments in its Motion for Partial Summary

Judgment, [112] Plaintiffs point to SunTrust's bonus and docking policies, and testimony by SunTrust manager Sandra Holloway as evidence that Plaintiffs were not paid a fixed salary. (Dkt. No. [120-1] at 9.)

Second, SunTrust states that even if the Court applies the FWW method of calculation, it has met the requirements of §778.114(a).[5] In support, SunTrust cites the testimony and declarations presented above as evidence that the Plaintiffs understood that they were paid a fixed regular salary for all hours worked in a particular week, rather than for some fixed number of hours. (Id. at 22-23.) Further, SunTrust argues that, "Plaintiffs were paid the same fixed salary each week even if they were required to work more than 40 hours during the week." (Id. at 24; "Exhibit B, Allen Declaration" Dkt. No. [9-4] at ¶¶ 4-5; "Watson Decl." Dkt. No. [123-2-Attachment D] at ¶¶ 9-12.) Therefore, since it has met the requirements under the FWW method of calculation, half-time compensation is the appropriate measure of damages. (Dkt. No. [111-4] at 25.)

After a thorough review of the record, viewing each Motion in the light most favorable to the non-moving party, the Court finds that a genuine issue of fact

---

[5](Dkt. No. [123-1] at 13,22.) Defendant states that it is undisputed that Plaintiffs were compensated at a rate in excess of the minimum wage. Plaintiffs do not dispute that SunTrust has satisfied this FWW requirement under 29 U.S.C. §778.114(a).

exists in reference to the number of hours that the Plaintiffs' salary was intended to cover. This is a critical issue for both Plaintiff and Defendant's arguments regarding overtime compensation calculation. The Court finds it inappropriate to rule as a matter of law on the issue of whether the Plaintiffs were paid a fixed salary, intending to cover all hours worked. Therefore, the Plaintiffs' Motion for Partial Summary Judgment on the issue of overtime compensation calculation is **DENIED** and Defendant's Motion for Partial Summary Judgment is **DENIED**

### C. Plaintiffs' Motion for Summary Judgment on issue of Liquidated Damages

Plaintiffs also seek judgment as a matter of law on the issue of liquidated damages. (Dkt. No. [112] at 19.) Under the FLSA, an employer in violation of 29 U.S.C. §207 is liable to the employee for "unpaid overtime compensation, as the case may be, and in an additional amount as liquidated damages." 29 U.S.C. §216(b). The Court has discretion to deny or limit such liquidated damages upon a showing "to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that [the employer] had reasonable grounds for believing that [its] act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. §260. This two-part analysis is a factually intensive inquiry that

16

requires a showing of good faith on the part of the employer to ascertain and comply with the requirements of the FLSA . Dybach v. Florida Dep't of Corrections, 942 F.2d 1562, 1566-67 (11th Cir. 1991) citing 20 C.F.R. §790.22(c) (stating "[w]hat constitutes good faith on the part of an employer and whether [the employer] had reasonable grounds for believing that [its] act or omission was not a violation of the Fair Labor Standards Act are mixed questions of fact and law.") Plaintiffs assert that there is no showing that SunTrust acted in good faith in accordance with FLSA policies. (Dkt. No. [112] at 21.) In response, SunTrust points to a Declaration by SunTrust Compensation Consultant, Jane Gross, as factual evidence of good-faith compliance with FLSA policies. (Dkt. No. [123-1] at 24; "Declaration of Jane Gross" Dkt. No. [123-2-Attachment H]) After a review of the record and in light of the ruling above, the Court finds that there is an issue of fact on the merits as to whether employer SunTrust had acted in a good faith compliance with the FLSA. The Court finds it inappropriate at this stage in the litigation to rule as a matter of law on the issue of liquidated damages. Therefore, Plaintiff's Motion for Partial Summary Judgment on the issue of liquidated damages is **DENIED**.

D.     **Plaintiffs' Motion for Summary Judgment on the issue of FLSA Statute of Limitations**

Plaintiffs further moved for partial summary judgment on the issue of statute of limitations. (Dkt. No. [112] at 22.) Plaintiffs assert that SunTrust willfully violated the FLSA; therefore, the statute of limitations for any unpaid overtime compensation or liquidated damages should be extended to cover three years of back pay.[6] (Id.) In order to establish willfulness, Plaintiffs must show that SunTrust "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133. The Court finds that the issue of willfulness requires a factual determination that is properly resolved by a jury and not by the Court. Lott v. Rigby, 746 F. Supp. 1084, 1089-90, at FN 4 (N.D. Ga. 1990) ("Whether the plaintiffs can show that the defendant willfully violated the FLSA is also a factual determination that must be made by the trier of fact at trial.") Therefore, Plaintiff's

---

[6] 29 U.S.C. §255(a) states: "if the cause of action accrues on or after May 14, 1947--may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."

18

Motion for Partial Summary Judgment on the issue of statute of limitations is **DENIED**.

Based on the foregoing, Plaintiff's Motion to Strike [126] is **DENIED**, Plaintiffs' Motion for Partial Summary Judgment [111] is **DENIED**, and Defendant's Motion for Partial Summary Judgment [112] is **DENIED**.

**SO ORDERED** this __24th__ day of September, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE