UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIE ALLEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNTRUST BANK,<br><br>Defendant. | CIVIL ACTION NO.<br><br>1:06-CV-3075-RWS |

**JOINT MOTION TO APPROVE COLLECTIVE ACTION SETTLEMENT
AND MEMORANDUM OF LAW IN SUPPORT OF MOTION**

**I. INTRODUCTION**

This is a Fair Labor Standards Act ("FLSA") collective action in which Plaintiffs, current and former employees of SunTrust Bank ("SunTrust"), contend that SunTrust failed to properly pay overtime wages as required under the FLSA, 29 U.S.C. § 201 et seq.. SunTrust denies Plaintiffs' contentions. Following extensive litigation of the matter, the Parties mediated the dispute and reached a proposed settlement agreement. The Parties now seek the Court's approval of the agreement as required by the FLSA. As set forth below, the Court should approve the Parties' settlement because it is fair, reasonable, and adequate, and all class members have agreed to the Settlement.

## II. SUMMARY OF THE LITIGATION AND THE SETTLEMENT

Plaintiff Robert Palmer initially filed a FLSA collective action lawsuit on November 2, 2006 in the District Court for the Middle District of Florida. Plaintiff Willie Allen filed this lawsuit on December 19, 2006. In their Complaints, Palmer and Allen claimed that SunTrust failed to pay them and others similarly situated overtime for all hours worked over 40 in a week. *See* Complaint (Doc. #1).

After these two lawsuits were filed, Palmer, Allen, and SunTrust engaged in substantial motion practice over where the cases would be heard and if they would be consolidated. Ultimately, the cases were consolidated into the present action and, over the months that followed, the Parties litigated a conditional certification motion, engaged in extensive discovery (including several discovery disputes), proposed and responded to several offers of judgment, litigated a dispute arising out of the elimination of several of Plaintiffs' jobs at SunTrust, and filed cross motions for partial summary judgment regarding the proper calculation of damages. After the Court's ruling on the summary judgment motions, the Parties mediated the case.

At the close of a day-long mediation session, the Parties agreed to a total settlement of all damages claims, costs, and attorneys' fees for a Total Settlement

Amount.[1]  Following the mediation, the Parties entered into the Agreement of Terms for Mediated Settlement ("Settlement Agreement") that has been submitted as Exhibit 2.  The Settlement Agreement provides that, subject to fairness review and approval by the Court, the Plaintiffs will be entitled to receive the Total Settlement Amount, inclusive of all costs and fees.  (Settlement Agreement ¶¶ 2, 4.)  This negotiated Total Settlement Amount reflects a compromise between the Parties, with each party taking into account a wide range of possible outcomes that would be impacted by the number of overtime hours each plaintiff worked, the method of calculating the overtime payment, and the question of whether the Court would award liquidated damages.  Attorneys' fees under the settlement were fixed at one-third of the total settlement.[2]  (Settlement Agreement ¶5.)  Named Plaintiffs Allen and Palmer will each receive the Service Payment Amount for their service to the class in bringing the case, bearing risks, and expending time and effort necessary to bring the case to a successful conclusion.[3]  (Settlement Agreement

---

[1]  The Total Settlement Amount is set forth in the Summary of Settlement Amounts that has been submitted as Exhibit 1. The Parties agreed that the specific settlement terms would be confidential and that the Parties would seek leave to file all documents describing such settlement terms under seal.  Accordingly, in accordance with the Local Rules, the Parties have filed a Joint Motion to File Confidential Exhibits Under Seal and have submitted Exhibit Nos. 1, 2, and 3 along with such Motion, contemporaneously herewith.

[2]  The reasonableness of Plaintiffs' attorneys' fees is the subject of Plaintiff's Brief in Support of Attorneys' Fee Award, filed contemporaneously herewith.

[3]  The Service Payment Amount is set forth in Exhibit 1.

¶6(a).) After attorneys' fees and costs and the Service Payment Amounts are deducted, the Final Net Settlement Amount will be apportioned to each individual named and opt-in plaintiff based on his or her self-reported overtime hours.[4] (Settlement Agreement ¶6(b).)

After the mediation, all Plaintiffs received a copy of the Settlement Agreement which was also explained in correspondence and discussions with each opt-in Plaintiff. Each opt-in Plaintiff was advised about the attorneys' fees and costs associated with the settlement and the service payments to be made to the named Plaintiffs. Each opt-in Plaintiff had the choice of whether or not to participate in the settlement. If any opt-in Plaintiff chose not to participate in the settlement, his or her pro rata share of the settlement funds would revert back to SunTrust and her or she would be free to pursue his or her FLSA claims individually. Each named and opt-in Plaintiff executed an individual Confidential Settlement Agreement and General Release in the form contemplated by the Settlement Agreement. (*See* Settlement Agreement ¶ 2(a) & Exh. A.)

### III.  ARGUMENT

**A.    Standard for Approval of Settlement of FLSA Collective Action.**

Settlement of private actions for back wages pursuant to 29 U.S.C. § 219(c) must be approved by the district court. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d

---

[4]    The Final Net Settlement Amount is set forth in Exhibit 1.

1350, 1353 (11th Cir. 1982.)  The decision of whether to approve of a collective action settlement lies within the trial court's discretion.  *See, Lynn's Foods Stores,* 679 F.2d at 1350.  In order to approve a settlement proposed by an employer and employees, a court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores, Inc.*, 679 F.2d at 1355.  If a settlement in an employee FLSA suit reflects a "reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether the settlement is fair, adequate, and reasonable, courts typically examine the following factors that are also used in approving the settlement of class actions under Federal Rule of Civil Procedure 23:

    (1) the existence of collusion behind the settlement;
    (2) the complexity, expense, and likely duration of the litigation;
    (3) the stage of the proceedings and the amount of discovery completed;
    (4) the probability of plaintiff's success on the merits;
    (5) the range of possible recovery; and
    (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1530-31, n6 (11th Cir. 1994); *Garcia v. Riccy's Landscaping Servs., Inc.*, No. 6:08-cv-706-Orl-28GJK, 2009 WL 347418 at *2 (M.D. Fla. Feb. 11, 2009) *Hitchcock v. Orange*

*County, Fla.*, No. 604CV1722ORL28JGG, 2006 WL 3614925 at *3 (M.D. Fla. Dec. 11, 2006). Further, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit Court of Appeals "favor[s] and encourage[s] settlements in order to conserve judicial resources."); *Cotton v. Hinton*, 559 F.2d 1326, 1331 (noting that "particularly in class action suits, there is an overriding public interest in favor of settlement".)[5]

**B.    The Settlement Terms Are Fair, Adequate, and Reasonable.**

As set forth below, an examination of each of the applicable factors makes clear that the terms of the Parties Settlement Agreement in this case are fair, adequate, and reasonable and should be approved by the Court.

*1.    The Existence of Collusion Behind the Settlement.*

After the Court's denial of the Parties' Cross Motions for Partial Summary Judgment on damages issues, the Parties voluntarily agreed to enter mediation. The Parties hired Daniel Klein, an experienced Atlanta-based mediator and litigator, to mediate the case. In addition to Plaintiffs' New York, Georgia, and Florida counsel

---

[5]    Decisions of the Fifth Circuit Court of Appeals decided prior to October 1, 1981 are binding within the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

and counsel for SunTrust, the two named Plaintiffs and a SunTrust representative also participated in the mediation.

In the course of the mediation, Plaintiffs' counsel provided defense counsel with Plaintiffs' analysis of the potential maximum liability that Plaintiffs anticipated that they could recover in this case if all of the disputed issues were resolved in Plaintiffs' favor. This analysis included a three-year statute of limitations, overtime at the rate of time and one-half, liquidated damages, and full credit for all Plaintiffs' self-reported hours of work. In response, SunTrust presented Plaintiffs with alternative analyses of potential liability that would be likely if overtime were calculated at a half-time rate, if the Court declined to award liquidated damages, and if SunTrust could establish inflation in the Plaintiffs' self-reported hours of work. Both sides had briefed these issues on summary judgment and there was no resolution by the Court. Considering the time value of money and the risks of the various claims and defenses, the Parties settled for the Total Settlement Amount which included the Attorneys' Fees Amount and the Costs Amount.[6]

Thus, this was an arms-length, mediated negotiation in which all Parties were well-represented. There is no evidence of collusion, undue pressure, or any

---

[6] The Attorneys' Fees Amount and Costs Amount are set forth in Exhibit 1.

7

other deficiencies that would raise any concerns about the process by which the parties reached the proposed Settlement Agreement.

    2.    *The complexity, expense, and likely duration of the litigation.*

The Settlement Agreement allows Plaintiffs to recover a substantial recovery now, without suffering the delay and risk of litigating the claims. In this matter, further litigation including appeals could drag on for years and require the expenditure of a tremendous amount of resources. With four sets of plaintiffs' attorneys', fees and costs would continue to increase, and potentially exceed the value of plaintiffs' aggregated claim. By settling now, Plaintiffs' significantly reduced their attorneys' fees. Further, to prove the claims with certainty, additional discovery would have to be had into liability, defenses, and individual damages. The process would inevitably involve continued discovery disputes, some of which would likely require the intercession of the Court. SunTrust would likely file a decertification motion and depose at least ten Plaintiffs, and Plaintiffs would depose additional SunTrust witnesses prior to trial. And the Plaintiffs would have had to travel to Atlanta, Georgia for their depositions taken, increasing Plaintiffs' out-of-pocket costs. Further, any appeal would continue to delay the case.

In short, the settlement is fair because it provides plaintiffs with a substantial recovery now, avoiding the risk and delay of litigation.

  3. *The Stage of the Proceedings and the Amount of Discovery Completed.*

This factor considers whether the Parties have had the opportunity to fully evaluate the claims. *Carnegie v. Mutual Sav. Life Ins. Co.*, No. Civ. A. CV-99S3292NE, 2004 WL 3715446, *22 (N.D. Ala. 2004); *Meyer v. Citizens and Southern Nat.* Bank, 677 F. Supp. 1196, 1209-10 (M.D. Ga. 1988) citing *Holmes v. Continental Can Company*, 706 F.2d 1144, 1149 (11th Cir. 1983); *Frank v. Eastman Kodak Co.,* 228 F.R.D. 174, 185 (W.D.N.Y. 2005) ("While the parties need not have engaged in extensive discovery, a sufficient factual investigation must have been conducted to afford the Court the opportunity to intelligently make an appraisal of the Settlement.") (internal quotations omitted).

In this case, the parties exchanged voluminous documents and interrogatory responses on the Plaintiffs' job duties, pay and working schedules, company policies and procedures, and possible defenses to FLSA liability. SunTrust produced many thousands of electronic and paper documents and Plaintiffs' produced several hundred pages of documents from the named Plaintiffs. Plaintiffs' counsel took the deposition of three key SunTrust witnesses pursuant to Federal Rule of Civil Procedure 30(b)(6). As a result of all of these efforts, the Parties had sufficient information upon which to assess the potential merit of each claim, ultimate liability, and the apparent risk of proceeding to trial.

The Parties reached the Settlement Agreement near the end of an extended discovery period and after the Court's ruling on extensive summary judgment motions. By this time, the Parties had fully considered all information necessary to adequately value the case.

4. *The Probability of Plaintiffs' Success on the Merits.*

The Parties briefed their arguments in their summary judgment motions. Plaintiffs advocated for the default time and one-half method, liquidated damages, and a three-year statute of limitations (as opposed to a two year statute for non-willful violations under 29 U.S.C. §255a). SunTrust argued for the fluctuating workweek which would significantly reduce damages, no liquidated damages and the statutory two-year statute of limitations. The Court denied both parties' summary judgment motions. Thus, bona fide disputes still exist as to each of these significant points. Further, bona fide disputes also remain for trial regarding the amount of overtime Plaintiffs actually worked. In resolving the case, the Parties considered the various risks associated with their respective positions on each issue, including the time value of money and attorneys' fees and costs. Plaintiffs' also considered the risks involved with SunTrust's Rule 68 Offers of Judgment and expected decertification motion. Both parties eliminated significant litigation risks by resolving the case.

*5.     The Range of Possible Recovery.*

"[T]here is a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972). During mediation, there was a broad range of potential recovery. *See* Getman Decl., ¶3.[7] However, the range is not a floor or a cap. Plaintiffs alleged that SunTrust did not maintain Plaintiffs' actual hours worked. SunTrust claims that it did. Therefore at trial, Plaintiffs' testimony and SunTrust's various computer based records would determine the hours Plaintiffs worked. Because the information was imperfect, the Parties used Plaintiffs' self-reported hours in negotiating a settlement. The settlement provides a reasonable estimate of individual damages and avoids the time-consuming and likely futile exercise of trying to determine exact individual damages. If the litigation were to continue, some Plaintiffs might not recover at all.

*6.     Counsels' Opinions.*

Based on what was learned through extensive discovery, the parties negotiated a fair settlement for the Plaintiffs. The settlement avoids the risks of not establishing liability at trial. SunTrust advanced a variety of defenses that it would

---

[7]     The range of potential recovery is described in the Declaration of Dan Getman, submitted as Exhibit 3.

11

press at trial, including a potential decertification motion.  Many of the defenses are fact-intensive determinations. As such, these issues involve significant risks for Plaintiffs' recovery. Further, trial would involve the development of extensive proof with respect to complex legal and factual issues such as the proper measure of damages and estimating hours worked, and proving damages could require complicated proof issues as well. In short, "[t]he [s]ettlement [a]greement in this matter represents a compromise between the strengths of plaintiffs' case and the possible success of [Defendant's] defenses." *Eastman Kodak,* 228 F.R.D. at 186; *see also*, *Pelletz v. Weyerhaeuser Co.*, --- F.R.D. ---, 2009 WL 59126, *6 (W.D. Wash. 2009); *Carnegie v. Mutual Sav. Life Ins. Co.*, No. Civ. A. CV-99S3292NE, 2004 WL 3715446, *22 (N.D. Ala. 2004). Plaintiffs' counsel recommended acceptance of this settlement as well within the zone of plaintiffs' reasonable outcomes.

C.   **The Settlement Shares Should be Finally Approved As Fair and Reasonable**

As noted above, each Plaintiff's share of the settlement amount is based on self-reported overtime hours worked.  (Settlement Agreement ¶6(b) & Exh. C.)  A settlement allocation need only have a reasonable, rational basis, particularly if recommended by "experienced and competent class counsel." *In re American Bank Note Holographics, Inc.,* 127 F.Supp.2d 418, 429-30 (S.D.N.Y. 2001); *see also*

12

*Holmes v. Continental Can Co.*, 706 F.2d 1144, 1149 (11th Cir. 1983); *Pelletz,* 2009 WL 59126 at *6; *Meyer v. Citizens and Southern Nat.* Bank, 677 F.Supp. 1196, 1209-10 (M.D. Ga. 1988). Plaintiffs' counsel is experienced in FLSA overtime litigation around the nation and believes that the proposed allocation provides the most equitable manner of distribution of the settlement fund to the plaintiffs. Plaintiffs' counsel considers this plan to be objective and to reasonably and fairly compensate plaintiffs for their unpaid overtime and damages suffered as a result of the pay practices challenged in this case. "As with other aspects of settlement, the opinion of experienced and informed counsel is entitled to considerable weight." *American Bank,* 127 F.Supp.2d at 429-30.

## IV. PROCEDURE

Within thirty (30) days after the Court enters an Order approving the settlement, SunTrust shall tender all payments. (Settlement Agreement ¶ 3.) Immediately upon such tender by SunTrust, the Parties will file a Stipulation of Dismissal with Prejudice. (Settlement Agreement ¶ 3 & Exh. B).

## V. CONCLUSION

All of the factors discussed above weigh heavily in favor of a finding that the settlement is fair, reasonable and adequate. The Parties respectfully request that the Court: (a) grant approval of the settlement; (b) approve the Service

Payments for Willie Allen and Robert Palmer; (c) approve the Attorneys' Fees Amount and the Costs Amount.

[SIGNATURES ON THE FOLLOWING PAGE]

Respectfully submitted this 27th day of May, 2009.

| | |
|---|---|
| s/ Dan Getman<br>*by Alicia P. Starkman with express permission*<br>Alan H. Garber<br>Georgia Bar No. 283840<br>Marc Garber<br>Georgia Bar No. 283847<br>THE GARBER LAW FIRM, P.C.<br>Suite 14, 4994 Lower Roswell Road<br>Marietta, GA  30068<br>(678) 560-6685<br>(678) 560-5067 (facsimile)<br>ahgarber@garberlaw.net<br>mngarber@garberlaw.net<br><br>Dan Getman<br>Pro Hac Vice<br>GETMAN & SWEENEY, PLLC<br>9 Paradies Lane<br>New Paltz, NY  12561<br>(845) 255-9370<br>(845) 255-8649 (facsimile)<br>dgetman@getmanlaw.com<br><br>Ryan Barak<br>Pro Hac Vice<br>KWALL, SHOWERS, & BARAK<br>133 North Fort Harrison Ave.<br>Clearwater, FL 33755<br>(727) 441-4947<br>(727) 447-3158 (facsimile)<br>rbarak@kscblaw.com<br><br>Jason Gunter<br>Pro Hac Vice<br>JASON L. GUNTER P.A.<br>1625 Hendry Street, Suite 103 | s/ Alicia P. Starkman<br>Glenn G. Patton<br>Georgia Bar No. 567235<br>glenn.patton@alston.com<br>R. Steve Ensor<br>Georgia Bar No. 249360<br>steve.ensor@alston.com<br>Brett E. Coburn<br>Georgia Bar No. 171094<br>brett.coburn@alston.com<br>Alicia P. Starkman<br>Georgia Bar No. 676475<br>alicia.starkman@alston.com<br><br>ALSTON & BIRD LLP<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309-3424<br>Tel:  (404) 881-7000<br>Fax:  (404) 881-7777<br><br>ATTORNEYS FOR SUNTRUST |

Fort Myers, FL 33901
(239) 334-7017
(239) 334-6662 (facsimile)
jason@gunterfirm.com

ATTORNEYS FOR PLAINTIFF,
individually and on behalf of others
similarly situated